UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RENTERIA, | 1:18-cv-00497-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 16.) |
| vs. | |
| KABIR MATHARU, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

**I.  BACKGROUND**

Luis Renteria ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 12, 2018. (ECF No. 1.) On May 29, 2018, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 15.)

On June 8, 2018, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 16.) Plaintiff's motion is now submitted to the court without oral argument. Local Rule 230(*l*).

**II.  PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who

"demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

**Discussion**

Plaintiff requests an order requiring officers at Sierra Conservation Center, where he is now incarcerated, to provide him with his legal and personal property that is being transferred from Kern Valley State Prison, and to refrain from discarding any of his property before it is provided to him.

Plaintiff's First Amended Complaint, filed on May 29, 2018, awaits the court's requisite screening under 28 U.S.C. § 1915A. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action, and the court does not have jurisdiction to order injunctive relief that would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). In addition, the court lacks jurisdiction to issue the order requested by Plaintiff, because the order would not remedy any of the claims upon which this case proceeds. This case was filed on April 12, 2018, based on Plaintiff's medical care at Kern Valley State Prison in Delano, California. Plaintiff now requests a court order protecting him from present and future actions by officers

at the Sierra Conservation Center in Jamestown, California. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Therefore, Plaintiff's motion must be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on June 8, 2018, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 26, 2018**__          __**/s/ Gary S. Austin**__
                                                          UNITED STATES MAGISTRATE JUDGE