UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RENTERIA,<br><br>    Plaintiff,<br><br>    vs.<br><br>KABIR MATHARU, et al.,<br><br>    Defendants. | 1:18-cv-00497-LJO-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF LOCAL RULE 220 AND FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 15.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

### I. BACKGROUND

Luis Renteria ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 12, 2018, Plaintiff filed the Complaint commencing this case. (ECF No. 1.) On May 29, 2018, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 15.) The First Amended Complaint is now before the court for screening. 28 U.S.C. § 1915A.

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. Plaintiff names two defendants, California Correctional Health Care Services and J. Clark Kelso (Receiver) and indicates that he is suffering pain and being denied medical care.

///

///

Plaintiff states that he is reincorporating "all the facts set forth within the initial complaint, and amends these named defendants as an entity responsible for any and all violations of Plaintiff's right to adequate medical care." ECF No. 15 at 3 ¶ IV. He seeks a preliminary injunction enjoining the defendants from denying medical care.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736 (internal citations omitted).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

///

///

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Violation of Rule 220 – Amended Pleadings

Local Rule 220 provides:

> As used in this Rule, the term "changed pleadings" shall refer to amended and supplemental pleadings permitted and filed pursuant to Fed. R. Civ. P. 15.
>
> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is *complete in itself without reference to the prior or superseded pleading*. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

L.R. 220 (emphasis added).

Plaintiff's First Amended Complaint makes reference to allegations he made in his original Complaint, without re-stating all of the prior allegations in the First Amended Complaint. Plaintiff may not incorporate allegations from his superceded original Complaint into his First Amended Complaint by simply referring to them in the First Amended Complaint. If Plaintiff wishes to bring the same or similar allegations again, he must re-state those allegations in the new amended complaint. Under Rule 220, the new amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220.

Therefore, Plaintiff's First Amended Complaint violates Rule 220. Plaintiff shall be granted leave to file a Second Amended Complaint to address this violation.

## B. Medical Claim -- Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is

///

insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**Discussion**

Plaintiff seeks to bring a medical claim in the First Amended Complaint, alleging as follows.

> Defendants are subjecting Plaintiff to a complete denial of any medical care and are knowingly permitting Plaintiff to suffer in extreme pain.

These allegations are not sufficient to state an Eighth Amendment medical claim against any of the Defendants. To state a claim, Plaintiff must allege facts demonstrating that a named Defendant personally acted in a way that violated Plaintiff's constitutional or other federal rights. Plaintiff must name each Defendant and state what each individual defendant did, giving facts explaining when, where, and what Plaintiff saw, heard, or otherwise knew, showing that the Defendant knew and understood that Plaintiff was at substantial risk of serious harm to his health or safety, and failed to act reasonably. Plaintiff must also discuss any pain or injuries he suffered as the result of the Defendant's conduct.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint violates Local Rule 220 and fails to state a claim under § 1983 upon which relief may be granted. The court will dismiss the First Amended Complaint and grant Plaintiff leave to file a Second Amended Complaint that is complete within itself.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an

opportunity to file another amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days. The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added). Plaintiff should not include legal authority or evidentiary matter.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may not include unrelated claims in the same lawsuit. Furthermore, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the original Complaint, April 12, 2018.

An amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on May 29, 2018, is DISMISSED for violation of Local Rule 220 and failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

///

7

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:18-cv-00497-LJO-GSA-PC; and
5. If Plaintiff fails to file a Second Amended Complaint within thirty days, this case may be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**December 13, 2018**__                    __**/s/ Gary S. Austin**__
                                         UNITED STATES MAGISTRATE JUDGE