UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RENTERIA, | 1:18-cv-00497-LJO-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 28.)** |
| vs. | |
| KABIR MATHARU, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.    BACKGROUND

Luis Renteria ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 12, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On May 29, 2018, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 15.)  On December 14, 2018, the court issued a screening order dismissing the First Amended Complaint for violation of Local Rule 220 and failure to state a claim, with leave to amend.  (ECF No. 22.)  On March 6, 2019, Plaintiff filed a Second Amended Complaint, which awaits the court's requisite screening under 28 U.S.C. § 1915.  (ECF No. 27.)

On April 15, 2019, Plaintiff filed a request for access to the law library, which the court construes as a motion for preliminary injunctive relief.  (ECF No. 28.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### Analysis

Plaintiff seeks an order compelling officials at the Los Angeles County Jail, where he is currently incarcerated, to provide him with access to the law library. The court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds, additionally the Los Angeles County Jail is not a party to this action. Plaintiff filed this case against medical personnel employed at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there, based on events occurring before Plaintiff filed this case on May 29, 2018. Plaintiff now requests a court order compelling officials at the Los Angeles County Jail to act. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion should be denied. And, as stated above, because officials at the Los Angeles County Jail are not a part of this action, the Court lacks jurisdiction over them.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 15, 2019, be DENIED for lack of jurisdiction.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 18, 2019**__                  _____**/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE