UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RENTERIA,<br><br>        Plaintiff,<br><br>    vs.<br><br>KABIR MATHARU, et al.,<br><br>        Defendants. | 1:18-cv-00497-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Luis Renteria ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 12, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On May 29, 2018, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 15.) On December 14, 2018, the court issued a screening order dismissing the First Amended Complaint for violation of Local Rule 220 and failure to state a claim, with leave to amend. (ECF No. 22.) On March 6, 2019, Plaintiff filed the Second Amended Complaint, which awaits the court's requisite screening under 28 U.S.C. § 1915. (ECF No. 27.)

1

## II. FINDINGS

On May 21, 2019, the court issued an order ("Order") denying Plaintiff's motion for preliminary injunction filed on April 15, 2019. (ECF No. 32.) The Order was served upon Plaintiff at his last known address at the Los Angeles County Jail in Los Angeles, California. (Id. see notice of conventional service.) On June 8, 2019, the United States Postal Service returned the Order as undeliverable. (Court Docket.) A notation on the envelope indicated that the mail was "Not Deliverable as Addressed, Unable to Forward." (Id.)

Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f). Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides:

> "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than sixty-three days have passed since Plaintiff's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Omstead v. Dell, 594 F.3d 1081, 1084 (9th Cir. 2010). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 12, 2018. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson

v. Air West, 542 F.2d 522, 524 (9th Cir. 1976); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228-29 (9th Cir. 2006). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the court apprised of his current address, no lesser sanction than dismissal of the case is feasible. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Based on this analysis, the court finds that this case should be dismissed, without prejudice, for Plaintiff's failure to prosecute.

**III. RECOMMENDATIONS**

Based on the foregoing, the court **HEREBY RECOMMENDS** that:

1. This case be DISMISSED without prejudice, based on Plaintiff's failure to prosecute; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**August 20, 2019**__ __**/s/ Gary S. Austin**__
UNITED STATES MAGISTRATE JUDGE